**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff/Respondent,<br><br>vs.<br><br>Terry Mark Crain,<br><br>   Defendant/Movant. | CR-90-0087-PHX-RGS<br>CIV-03-2049-PHX-RGS (SLV)<br><br>**ORDER** |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and Motion to Restyle his 28 U.S.C. § 2255 petition to a petition for writ of coram nobis. The matter was referred to Magistrate Judge Stephen L. Verkamp for Report and Recommendation. On March 2, 2004, the Magistrate Judge filed his Report and Recommendation with the Court. On March 15, 2004, Movant filed his objections to the Magistrate Judge's Report and Recommendation. On February 22, 2005, Movant filed a motion seeking leave to supplement his petition for writ of coram nobis.

**BACKGROUND**

On July 30, 1990, in CR-90-0087-PHX-RGS, Movant was sentenced to a term of 150 months imprisonment pursuant to a guilty plea to eleven counts of bank robbery. On February 7, 1996, Movant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which was granted on October 26, 1998. Movant was subsequently re-sentenced to a term of 125 months imprisonment.

1   Movant was released from custody and placed on supervised release in 1999. In 2000,
2   Movant's supervised release was ordered revoked due to a violation and he was sentenced
3   to an additional seven-month term of imprisonment. After being released from custody,
4   Movant was convicted of additional bank robberies in CR-02-378-PHX-SRB and CR-03-
5   159-PHX-SRB, and was sentenced to a term of 156 months imprisonment.

6   On October 14, 2003, in CR-90-0087, Movant filed a second Petition to Vacate, Set
7   Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Movant then filed a Motion to
8   Restyle his 28 U.S.C. § 2255 petition to a petition for writ of coram nobis.

## DISCUSSION

In his Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Movant challenges his 1998 re-sentencing, asserting that a sentence "enhancement for 'expressed threat of death' should not have been used as it was when sentenced in 1990 to 150 months." Movant contends that his "corrected sentence of 125 months did not give him the extra one-point for acceptance of responsibility" that he was entitled to when he was re-sentenced on October 26, 1998. Movant also states that he "did not realize the court docket of CIV 96-338 PHX RGS did not reflect that CR 90-87 PHX RGS was 'vacated' and resentenced. It came into [his] attention March 24, 2003, when [he] was collaterally attacking [his] prior sentences in another case."

In his Report and Recommendation, the Magistrate Judge concluded that because Movant's section 2255 petition was not filed until October 14, 2003, more than three years after Movant's sentence became final, Movant's petition was not filed within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA") and was, therefore, barred by the statute of limitations. Moreover, the Magistrate Judge found that since Movant failed to state an adequate reason why he did not file his section 2255 petition within the time specified by the AEDPA, the statute of limitations should not be equitably tolled to allow Movant's section 2255 petition to be considered timely filed. Additionally, the Magistrate Judge determined that because Movant

finished serving the challenged sentence in its entirety, his section 2255 petition may be dismissed as moot.

Acknowledging that his section 2255 petition was moot because he finished serving his entire sentence, Movant requested to convert his section 2255 petition to a petition for writ of coram nobis.[1]  Finding that, other than coram nobis, Movant had no other legal remedy available to challenge his expired 1998 sentence for his 1990 conviction, the Magistrate Judge granted Movant's request.  However, the Magistrate Judge concluded that Movant failed to demonstrate the extraordinary showing required to merit the relief of coram nobis.  Specifically, Movant failed to demonstrate valid reasons for not previously attacking his sentence and failed to show that the error alleged was of a "fundamental character."

Accordingly, the Magistrate Judge recommended that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied and dismissed with prejudice.  Alternatively, he recommended that Movant's Motion to Restyle his 28 U.S.C. § 2255 petition to a petition for writ of coram nobis be granted and that the petition seeking writ of coram nobis be denied.

Movant subsequently filed objections to the Magistrate Judge's Report and Recommendation essentially asserting, as he did previously, that his corrected sentence did

---

[1]
The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody.  Specifically, the writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors.  Where the errors are of the most fundamental character, such that the proceeding itself is rendered invalid, the writ of coram nobis permits a court to vacate its judgments ... .

We have held that to qualify for coram nobis relief, four requirements must be satisfied.  Those requirements are:  (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

Estate of McKinney v. United States, 71 F.3d 779, 781-82 (9th Cir. 1995) (internal citations and quotations omitted).

- 3 -

1  not give him the extra one-point for acceptance of responsibility that he was entitled to when
2  he was re-sentenced on October 26, 1998, and that the Magistrate Judge failed state reasons
3  for denying his 2255 petition and/or his petition seeking writ of coram nobis.  However, the
4  Court finds Movant's objections are without merit as he was not entitled to a sentence
5  reduction pursuant to the Sentencing Guidelines.  See United States v. Aldana-Ortiz, 6 F.3d
6  601 (9th Cir. 1993) (holding that the guidelines amendment allowing an additional point
7  adjustment for acceptance of responsibility – November 1, 1992 amendment to section 3E1.1
8  of the Guidelines – was not retroactive); United States v. Solis-Solis, 810 F.Supp. 1231 (D.
9  Kan. 1993) (holding that the acceptance of responsibility amendment – November 1, 1992
10 amendment to section 3E1.1 of the Guidelines – was not retroactive).

11      On February 22, 2005, Movant filed a motion seeking leave to supplement his petition
12 for writ of coram nobis.  Movant seeks to collaterally attack the sentence imposed arguing
13 that his sentence violates United States v. Booker (United States v. Fanfan), 543 U.S. 220
14 (2005).  Here, although the more usual remedy of a section 2255 petition is no longer
15 available, the Booker decision is not retroactively applicable to cases on collateral review.
16 See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).  Moreover, the common law
17 writs survive only to the extent that they fill "gaps" in the current systems of post-conviction
18 relief.  See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).  Simply
19 because a section 2255 petition is procedurally unavailable to Movant now does not create
20 a gap in the system.  See id. at 1080 ("A prisoner may not circumvent valid congressional
21 limitations on collateral attacks by asserting that those very limitations create a gap in the
22 postconviction remedies that must be filled by the common law writs.").

23      Having reviewed the Report and Recommendation of the Magistrate Judge, and
24 Movant's objections thereto, the Court concludes that Movant's Motion to Vacate, Set Aside
25 or Correct Sentence pursuant to 28 U.S.C. § 2255 and/or petition seeking writ of coram nobis
26 will be denied.  Since the Court finds that Movant's objections are without merit, the Court
27 will hereby incorporate and adopt the Magistrate Judge's Report and Recommendation.
28

1  Additionally, the Court will deny Movant's motion seeking leave to supplement his petition
2  for writ of coram nobis.

### CONCLUSION AND ORDER

For the reasons set forth,

**IT IS ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge;

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and/or petition seeking writ of coram nobis is **DENIED**;

**IT IS FURTHER ORDERED** that Movant's motion seeking leave to supplement his petition for writ of coram nobis is **DENIED**.

DATED this 31st day of August, 2006.

_____
Roger G. Strand
Senior United States District Judge